**Motion for Rehearing Denied and Supplemental and Concurring Supplemental Opinions on Rehearing filed June 14, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-20-00312-CV

---

### MEDSTAR FUNDING, LC, Appellant

### V.

### FRODE WILLUMSEN, DONAL HUGHS MCROBERTS, WILLUMSEN LAW FIRM, P.C., Appellees

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2017-23189A**

---

### CONCURRING SUPPLEMENTAL OPINION ON REHEARING

I join the substance of the supplemental opinion on rehearing. I concur only in the denial of the motion for rehearing when the court has obviously "reheard" the case based on appellant's motion.

When the 1997 Texas Rules of Appellate Procedure were promulgated, changes were made to rehearing practice in civil appeals. The most significant was that a motion for rehearing in the court of appeals was no longer a jurisdictional

prerequisite in civil appeals for further review by the Supreme Court of Texas. Tex. R. App. P. 131(e), 49 Tex. B.J. 586 (Tex. & Tex. Crim. App. 1986, amended 1997). The 1997 Rules also introduced what was intended to be a protection for the nonmoving party: the court of appeals cannot grant a motion for rehearing unless a response is filed or the court requests a response. Tex. R. App. P. 49.2. The goal of Rule 49.2 was to allow the nonmoving party to be able to not file a response and be assured nothing would happen unless the court requested a response.

But nature (and judges) will find a way. Courts of appeals began denying motions for rehearing while simultaneously issuing supplemental opinions, technically complying with the text of Rule 49.2, but not the spirit. Reasonable individuals who are not learned in Texas civil appellate practice can conclude that a court of appeals "rehears" all or part of such cases if the court feels the need to write more. And those who are learned in Texas civil appellate practice should not slumber on the lack of a request for a response—a prudent nonmovant for rehearing should file a response if the nonmovant foresees any possibility that the court of appeals may continue to write. Further writing may not necessarily benefit the nonmovant.

The 1997 goal of allowing a nonmovant to do nothing unless the court of appeals requests a response was a good one. It would have saved clients money. But obviously it was unsuccessful.

If that goal is to be achieved, then Rule 49.2 should be amended to separate rehearing procedure into (1) denying the motion for rehearing and precluding the court of appeals from writing further or (2) granting the motion for rehearing and separately deciding whether to grant or deny the requested relief, while allowing the court of appeals to write further. I do not attempt to draft a proposed amendment in this separate writing, which would require more detail than necessary to explain my concurrence.

Because what the court does in this case technically complies with Rule 49.2, I do not believe the court's denial is error, and I join the substance of the supplemental opinion. But I would have granted the motion and denied the requested relief. Doing so acknowledges that the movant has convinced the court to write further, something I would describe as a rehearing.

Accordingly, I respectfully concur.

/s/    Charles A. Spain
Justice

Panel consists of Justices Jewell, Spain, and Wilson (Jewell, J., majority).